NEW YORK BELTING & PACKING CO. *v.* NEW JERSEY CAR SPRING & RUBBER CO.

(*Circuit Court, S. D. New York.* November 19, 1887.)

1. COSTS—DEMURRER—INSUFFICIENCY OF.

On the overruling of a demurrer, costs were duly taxed against the defendant. Subsequently, after final hearing, defendant, in taxing the bill of costs, sought to recover certain items contained in the bill taxed against it on the demurrer. *Held*, that this was an effort to reclaim costs imposed on defendant as a penalty for serving an insufficient demurrer, and the items should be disallowed.

2. SAME—DOCKET FEE.

Rev. St. U. S. § 824, provides that on a trial before a jury in civil or criminal cases, or on a final hearing in equity, a docket fee of $20 shall be allowed. The case was dismissed on demurrer, with usual costs, and the docket fee was included in the bill of costs. *Held*, that the docket fee must be disallowed. Following *Ryan* v. *Gould, ante,* 754.

*Turner, Lee & McClure,* for complainant.
*Briesen & Steele,* for defendant.

LACOMBE, J.   In this case the complainant originally commenced suit in the district of New Jersey by filing a bill of complaint, to which a demurrer was interposed, and which was duly set down for argument. Subsequently, in view of the condition of the calendar in that district, it was stipulated between the parties that the suit be discontinued therein, and a new one brought in the Southern district of New York, upon similar pleadings, to be filed in this district, the demurrer to be considered as set down for argument.   These stipulations were carried out.   The demurrer was argued, and overruled the order directing "that complainant recover of the defendant its cost in this suit to be taxed, and the defendant be, and it hereby is, assigned to answer within ten days from date hereafter."

The bill of costs on the demurrer was duly taxed, including items for filing bill, issuing subpœna, and marshal's fees for serving subpœna, in the district of New Jersey, and fee for filing the bill in the the Southern district of New York.   These were paid by the defendant, and upon the bill of costs now sought to be taxed by it claim is made that these three items, and the expense of printing the brief on demurrer, should be allowed to the defendant.   This is, in effect, but an effort to recover from the complainants some part of the very costs which were imposed upon the defendant as a penalty for serving a demurrer, which the court held to be insufficient.   They should be disallowed.

The item for docket fee allowed to the defendants should also be disallowed, for the reasons set forth in a memorandum filed this day in *Ryan* v. *Gould, ante,* 754.